## Commonwealth v. Zehner

Mont L. Ailey, district attorney, and Leroy Donaldson, special assistant district attorney, for Commonwealth.

Roy M. Jameson and Harry H. Frank, for defendant.

HILDEBRAND, P. J., April 21, 1934.—The defendant has appealed from a summary conviction before a justice of the peace for violation of section 824, added to The Vehicle Code of 1929 by the Act of May 25, 1933, P. L. 1064, the defendant being charged with operating a commercial motor vehicle which had a "carrying capacity" of two tons or over without being equipped with at least two red or yellow burning danger or caution signals, etc.

On hearing, it was agreed that the defendant, on February 6, 1934, was operating a Ford truck bearing 1934 Pennsylvania registration no. T55E8, that it was not equipped with danger or caution signals, and that the truck was registered by the State Highway Department as a class T commercial motor vehicle.

The Commonwealth's contention appears to be that, having been registered T class, having a chassis weight between 3,000 and 4,000 pounds, and the maximum gross weight allowed for a vehicle so classified being 11,000 pounds, the "carrying capacity" of said commercial motor vehicle is the difference between the chassis weight and the maximum gross weight allowed, and so in excess of 2 tons.

The defendant takes the position that the "carrying capacity" is the weight of load which the truck was designed to carry and was actually capable of carrying without injury to the machine.

The testimony taken discloses that the truck in question was advertised and sold as a "ton and a half" truck. The actual weight of the chassis is 3,078 pounds. The truck as equipped, without a load, weighs 3,800 pounds. Defendant customarily hauls in the truck a load of 3,000 to 3,800 pounds. When its load weighed 3,900 pounds, according to defendant's testimony, which we have no reason to doubt, the truck's brakes were useless, and it had to be operated in either low or second gear.

While the Commonwealth offered testimony to the effect that Ford "ton-and-a-half" trucks would carry 3 or 4 tons and that such a truck could operate without injury in carrying a load of 3 tons, the witness so testifying had no knowledge of the truck of the defendant, and admitted that he knew nothing about the "carrying capacity" of that particular truck.

On argument, counsel for the parties stated that they had been unable to find any case in which the term "carrying capacity" had been construed. Our own search has failed to disclose any such case.

Had the legislature intended to have the regulation apply when the commercial motor vehicle has a certain chassis weight, or when it is allowed to carry a certain maximum gross weight, or when the difference between these weights is in excess of 2 tons, such intention could readily have been clearly declared. The legislature has, however, made it applicable to commercial motor vehicles having a "carrying capacity" of 2 tons or over. It cannot be seriously contended that the ordinary meaning of this term is the difference between the chassis weight of the motor vehicle and its permissible maximum gross weight. In the absence of a manifest contrary intention, the words must be presumed to have been used by the legislature in their usual and ordinary meaning. We see no reason for giving to the words "carrying capacity" anything other than their usual and ordinary import.

Capacity is defined as "the power of receiving or containing; hence, the extent of room or space; content". The term "capacity" is here limited by the word "carrying". To carry is "to convey or transport while supporting". We do not regard a load, which, during transportation, imposes undue stress and strain upon the mechanism and parts of a motor vehicle, so as to interfere with its normal use and operation, as being supported. We conclude therefore, that the expression "carrying capacity", as used in the act of assembly, means the weight which a motor vehicle will receive, contain, and support during its transportation, without imposing undue stress and strain upon the mechanism and parts of the motor vehicle so as to interfere with its normal use and operation.

In the present case, the motor vehicle was designed to carry a load of a ton and a half and, while it would carry a somewhat greater load, when the load closely approached the 2-ton mark, its brakes ceased to be effective. The weight of the evidence here shows that the truck in question had a carrying capacity of less than 2 tons and that it therefore did not come within the provision of the statute which the defendant was charged with having violated.

*Order*

Now April 21, 1934, after hearing, the Commonwealth having failed to establish a violation of The Vehicle Code of 1929 as charged, the defendant is discharged and the County of Lawrence is directed to pay the costs.

From William McElwee, Jr., New Castle, Pa.